UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MARIA GUADALUPE ELLIS**, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**NIKE USA, INC. and NIKE RETAIL SERVICES, INC**.,<br><br>    Defendants. | Cause No.  4:23-cv-00632-MTS |

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE OF DOCUMENTS CITED IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Nike USA, Inc. and Nike Retail Services, Inc. (collectively, "Nike") respectfully request that the Court take judicial notice of the documents attached as Exhibits 1 through 8 in the accompanying Declaration of David R. Singh ("Singh Declaration").  This request is made pursuant to Rule 201 of the Federal Rules of Evidence and the authorities cited below.  This request is made in connection with Nike's motion to dismiss the Complaint filed by Plaintiff Maria Guadalupe Ellis, on behalf of herself and all others similarly situated.

    1.    A true and correct copy of Nike's Sustainability information homepage, as it appeared on Nike's website—https://www.nike.com/sustainability—on May 10, 2023.  Singh Decl. ¶ 4, Ex. 1.  Nike's Sustainability information homepage is accessible via the Wayback Machine at https://web.archive.org/web/20230510202904/https://www.nike.com/sustainability.

2. A true and correct copy of the Materials tab of Nike's Sustainability information homepage, as it appeared on Nike's website—https://www.nike.com/sustainability/materials—on May 10, 2023. Singh Decl. ¶ 5, Ex. 2. The Materials tab of Nike's Sustainability information homepage is accessible via the Wayback Machine at https://web.archive.org/web/20230424185615/https://www.nike.com/sustainability/materials.

3. A true and correct copy of Nike's "Sustainable and Eco-Friendly Shoes for Every Occasion" buying guide, as it appeared on Nike's website—https://www.nike.com/a/sustainable-eco-friendly-shoes—on May 10, 2023. Singh Decl. ¶ 6, Ex. 3. Nike's "Sustainable and Eco-Friendly Shoes for Every Occasion" buying guide is accessible via the Wayback Machine at https://web.archive.org/web/20230510203015/https://www.nike.com/a/sustainable-eco-friendly-shoes.

4. A true and correct copy of the product page for the Nike Rise 365 Men's Dri-FIT Short Sleeve Running Top, as it appeared on Nike's website—https://www.nike.com/t/rise-365-mens-dri-fit-short-sleeve-running-top-rPq09C—on May 10, 2023. Singh Decl. ¶ 7, Ex. 4. The product page for the Nike Rise 365 Men's Dri-FIT Short Sleeve Running Top is accessible via the Wayback Machine at https://web.archive.org/web/20230510210242/https://www.nike.com/t/rise-365-mens-dri-fit-short-sleeve-running-top-rPq09C/CZ9184-084.

5. A true and correct copy of the product page for the Jordan 1 KO Shoes, as it appeared on Nike's website—https://www.nike.com/t/jordan-1-ko-shoes-

GNcCR9—on May 10, 2023.  Singh Decl. ¶ 8, Ex. 5.  The Nike product page for the Jordan 1 KO Shoes is accessible via the Wayback Machine at https://web.archive.org/web/20230518100204/https://www.nike.com/t/jordan-1-ko-shoes-GNcCR9/.

6. A true and correct copy of the product page for the Nike Sportswear Everyday Essential Crew Socks (3 Pairs), as it appeared on Nike's website—https://www.nike.com/t/sportswear-everyday-essential-crew-socks-3-pairs-H7K4n7—on May 10, 2023.  Singh Decl. ¶ 9, Ex. 6.  The product page for the Nike Sportswear Everyday Essential Crew Socks (3 Pairs) is accessible via the Wayback Machine at http://web.archive.org/web/20230510205505/https://www.nike.com/t/sportswear-everyday-essential-crew-socks-3-pairs-H7K4n7/DX5025-100.

7. A true and correct copy of the product page for the Nike Dri-FIT ADV AeroSwift Men's Racing Pants, as it appeared on Nike's website—https://www.nike.com/t/dri-fit-adv-aeroswift-mens-racing-pants-Z5ZZ8n—on May 10, 2023.  Singh Decl. ¶ 10, Ex. 7.  The product page for the Nike Dri-FIT ADV AeroSwift Men's Racing Pants is accessible via the Wayback Machine at http://web.archive.org/web/20230510204409/https://www.nike.com/t/dri-fit-adv-aeroswift-mens-racing-pants-Z5ZZ8n/DM4615-010.

8. A true and correct copy of the product page for the Jordan Flight MVP Men's Woven Pants, as it appeared on Nike's website—https://www.nike.com/t/jordan-flight-mvp-mens-woven-pants-F0sj5q/DV7580-030—on May 10, 2023.  Singh Decl. ¶ 11, Ex. 8.  The Nike product page for the Jordan Flight MVP Men's Woven

Pants is accessible via the Wayback Machine at http://web.archive.org/web/20230316025452/https://www.nike.com/t/jordan-flight-mvp-mens-woven-pants-F0sj5q/DV7580-030?cid=4942550&cp=usns_aff_nike_content_PID_100314412_SOLELINKS+MARKETING+INC&cjevent=ec1b50e7c3a511ed820549670a18b8fb.

## **BASIS FOR REQUESTING JUDICIAL NOTICE**

At any stage of the litigation, Rule 201 of the Federal Rules of Evidence enables the Court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid 201(b), (c).  At the motion to dismiss stage, "a court may take judicial notice of facts in the public record without converting a motion to dismiss into a summary judgment motion." *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).  Further, the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Federal courts—including in the Eighth Circuit—have found websites to be a proper subject for judicial notice without considering the statements on the website for the truth of the matter asserted, especially when it is a party's website and alleged misrepresentations come from that website. *See, e.g., Lizama et al. v. H&M Hennes & Mauritz LP*, 2023 WL 3433957, at *4 (E.D. Mo. May 12, 2023) ("The Court may take judicial notice of H&M's publicly available website in this case without converting the motion to dismiss to one for summary judgment, as Lizama alleges that these misrepresentations come from H&M's website."); *WinRed, Inc. v. Ellison*, 581 F.Supp.3d 1152, 1168 n.9 (D. Minn. 2022) ("Because the dispute here arises out of WinRed's conduct on this website, similar to a contract dispute which will consider the contract,

the Complaint necessarily embraces the website, and it may be considered . . . Therefore, the Court may take judicial notice of information contained on the website WinRed itself alleges it uses for all its activity."); *Thompson v. R.J. Reynolds Tobacco Co.*, 2020 WL 5594072, at *3 (E.D.Mo., 2020) (quoting *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) (holding that a court can take judicial notice of webpages to indicate what was in the public realm at the time")); *Enter. Rent-A-Car Co. v. U-Haul Int'l, Inc.*, 327 F. Supp. 2d 1032, 1042 n. 4 (E.D. Mo. 2004) ("The Court takes judicial notice that emove.com's home page include separate icons for moving equipment and supplies, which when clicked on link seamlessly to uhaul.com's Rates and Reservations page and Moving Supply Store page, respectively . . . Facts concerning the two websites at issue in this case are both capable of ready determination and widely available to anyone with Internet access.").

Here, the authenticity of Nike's website pages are "not subject to reasonable dispute," (Fed. R. Evid. 201(b)), and are highly relevant to the allegations concerning Nike's representations to consumers. Further, Plaintiff asserts that she made her purchases after she "saw the labeling, advertising, [and Nike's] website" containing representations regarding the products at issue. Compl. ¶ 15. In fact, Plaintiff cites to and explicitly quotes from the website throughout the Complaint as the basis for her allegations of Nike's deception. *See, e.g.,* Compl. ¶¶ 15, 27-32, 34, 43, 44. Viewing these webpages in their entirety makes clear that Plaintiff has mischaracterized and omitted the full context of Nike's representations, as set forth in Nike's accompanying memorandum of law.

For the foregoing reasons, Nike respectfully requests that this Court take judicial notice of the webpages included as Exhibits 1 through 8 in the accompanying Declaration of David R. Singh.

Dated: July 6, 2023                                        Respectfully submitted,

        **HEPLERBROOM LLC**

By:  */s/ Beth A. Bauer*
BETH A. BAUER, #49981MO
130 N. Main Street
Edwardsville, IL  62025
Telephone:  (618) 307-1200
Facsimile:  (618) 656-1364
bab@heplerbroom.com

DAVID R. SINGH (*Pro Hac Vice*)
MORGAN D. MACBRIDE (*Pro Hac Vice*)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway, 4th Floor
Redwood Shores, CA  94065
Telephone: (650) 802-3000
Facsimile:  (650) 802-3100
david.singh@weil.com
morgan.macbride@weil.com

*Attorneys for Defendants NIKE USA, INC. and NIKE RETAIL SERVICES, INC.*

## CERTIFICATE OF SERVICE

    The foregoing was electronically filed with the Court this 6th day of July, 2023, and served via the Court's ECF system upon all counsel of record.

                       */s/ Beth A. Bauer*