**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

**MARIA GUADALUPE ELLIS**, on behalf of herself and all others similarly situated,

Plaintiff,

v.

**NIKE USA, INC. and NIKE RETAIL SERVICES, INC.**,

Defendants.

Case No. 4:23-cv-00632-MTS

Honorable Matthew T. Schelp

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

BETH A. BAUER, #49981 (MO)
bab@heplerbroom.com
**HEPLERBROOM LLC**
130 N. Main Street
Edwardsville, IL 62025
Telephone: (618) 307-1200
Facsimile: (618) 656-1364

DAVID R. SINGH (*Pro Hac Vice*)
david.singh@weil.com
MORGAN D. MACBRIDE (*Pro Hac Vice*)
morgan.macbride@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway, 4th Floor
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

**TABLE OF CONTENTS**


DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ....................1

PRELIMINARY STATEMENT ....................1

PLAINTIFF'S ALLEGATIONS ....................2

LEGAL STANDARD ....................3

ARGUMENT ....................4

I. PLAINTIFF LACKS ARTICLE III STANDING ....................4

A. Plaintiff Lacks Standing to Seek Relief for Products She Did Not Purchase ....................4

B. Plaintiff Lacks Standing to Bring Claims Based on Representations She Did Not See or Rely Upon ....................5

II. THE COURT SHOULD DISMISS EACH OF PLAINTIFF'S CLAIMS FOR FAILURE TO ADEQUATELY ALLEGE ANY ACTIONABLE Deception ....................6

A. Plaintiff Did Not Satisfy Rule 9(b)'s Heightened Pleading Standard ....................6

B. Counts I and II Fail to Plausibly Allege Any Actionable Deception ....................7

1. Nike's "Recycled and Organic Fiber" Representations Are Not False ....................7

2. Nike's "Sustainable Materials" Representations Are Not Misleading ....................9

3. Nike's "Move to Zero" Representations Are Not False or Misleading ....................9

C. Counts III and IV Do Not Plead an Actionable Omission Under the MMPA ....................11

D. Count V Fails to Plead a Violation of Federal Statutes and Regulations ....................12

1. Plaintiff Fails to Plead a Violation of the Green Guides ....................12

2. Plaintiff Fails to Plead a Violation of the Textile Act or FTC Act ....................13

E. Plaintiff's Common Law Claims (Counts VI—VIII) Fail Because They Are Duplicative of Her Deficient MMPA Claims ....................14

F. Plaintiff's Common Law Claims (Counts VI—VIII) Suffer From Additional Pleading Deficiencies ............ 14

G. Plaintiff Lacks Standing to Seek Prospective Injunctive Relief ............ 15

CONCLUSION ............ 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alleruzzo v. SuperValu, Inc. (In re SuperValu, Inc.),*
870 F.3d 763 (8th Cir. 2017) ....................4

*Antonacci v. Allergan USA, Inc.*,
2021 WL 3404024 (E.D. Mo. Aug. 4, 2021)....................12

*Ariel Pref. Retail Grp., LLC v. CWCapital Asset Mgmt.*,
2011 WL 4501049 (E.D. Mo. Sept. 28, 2011)....................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................4

*Barker v. Nestle Purina PetCare Co.*,
601 F. Supp. 3d 464 (E.D. Mo. 2022)....................14, 15

*Ball-Bey v. Chandler*,
415 F. Supp. 3d 884 (E.D. Mo. 2019)....................8

*Bell v. Annie's, Inc.*,
2023 WL 3568623 (E.D. Mo. May 18, 2023) ....................7

*Bell Atlantic v. Twombly*,
550 U.S. 544 (2007)....................4

*Brunts v. Hornell Brewing Co.*,
2023 WL 3568650 (E.D. Mo. May 19, 2023) ....................6, 15

*Buckman Co. v. Plaintiff's Legal Committee*,
531 U.S. 341 (2001)....................12

*CIBC Bank USA v. Williams*,
2023 WL 3310942 (Mo. Ct. App. May 9, 2023) ....................15

*Cortinas v. Behr Process Corp.*,
2017 WL 2418012 (E.D. Mo. June 5, 2017) ....................10

*DaimlerChrysler Corp. v. Cuno*,
547 U.S. 332 (2006)....................5

*De Santiago Lizama v. Venus Lab'ys, Inc*,
2023 WL 4198097 (E.D. Mo. June 27, 2023) ....................5

*Dwyer v. Allbirds, Inc.*,
598 F.Supp.3d 137 (S.D.N.Y. 2022)....11

*Exec. Bd. of Mo. Baptist Convention v. Windermere Baptist Conf. Ctr.*,
280 S.W.3d 678 (Mo. Ct. App. 2009)....14

*F.T.C. v. Fleetcor Techs., Inc.*,
620 F. Supp. 3d 1268 (N.D. Ga. 2022)....13

*Goldman v. Tapestry, Inc.*,
501 F. Supp. 3d 662 (E.D. Mo. 2020)....5

*Hammack v. Harbor Freight Tools USA, Inc.*,
2022 WL 14225017 (W.D. Mo. Oct. 24, 2022)....15

*U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*,
441 F.3d 552 (8th Cir. 2006)....4

*Keithley v. Shelton*,
421 S.W.3d 502 (Mo. Ct. App. 2013)....15

*Kelly v. Cape Cod Potato Chip Co.*,
81 F. Supp. 3d 754 (W.D. Mo. 2015)....4, 5

*Lizama v. H&M Hennes & Mauritz LP*,
2023 WL 3433957 (E.D. Mo. May 12, 2023).... *passim*

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992)....3, 5, 15

*Mattes v. ABC Plastics, Inc.*,
323 F.3d 695 (8th Cir. 2003)....3

*May v. Makita U.S.A., Inc.*,
2023 WL 417487 (E.D. Mo. Jan. 26, 2023)....15

*Mikhlin v. Johnson & Johnson*,
2014 WL 6084004 (E.D. Mo. Nov. 13, 2014)....11

*In re Mun. Stormwater Pond*,
429 F. Supp. 3d 647 (D. Minn. 2019)....10

*Myers-Taylor v. Ornua Foods N. Am., Inc.*,
2019 WL 424703 (S.D. Cal. Feb. 4, 2019)....11

*Purcell Tire & Rubber Co. v. Padfield, Inc.*,
2022 WL 2785898 (E.D. Mo. July 15, 2022)....15

*Renaissance Leasing, LLC v. Vermeer Mfg. Co.*,
322 S.W.3d 112 (Mo. Banc 2010) ....................14, 15

*Rochester Laborers Pension Fund v. Monsanto Co.*,
883 F. Supp. 2d 835 (E.D. Mo. 2012)....................10

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)....................3

*Streambend Props. II, LLC v. Ivy Tower Minn., LLC*,
781 F.3d 1003 (8th Cir. 2015) ....................4

*Velder v. Cornerstone Nat'l Ins. Co.*,
243 S.W.3d 512 (Mo. Ct. App. 2008)....................14

*Wiles v. Cap. Indem. Corp.*,
280 F.3d 868 (8th Cir. 2002) ....................7

**Statutes**

16 C.F.R. § 260.4(b)-(c)....................13

15 U.S.C. § 45....................12, 13

Fed. R. Civ. P. 8 ....................1

Fed. R. Civ. P. 9(b) ....................1, 4, 6

Fed. R. Civ. P. 12(b)(1)....................3

Fed. R. Civ. P. 12(b)(6)....................4

Mo. Rev. Stat. § 407.025.1(2)....................7

**PRELIMINARY STATEMENT**

Plaintiff's First Amended Complaint ("FAC") doubles down on the theory that the statements Nike USA, Inc. and Nike Retail Services, Inc. (collectively, "Nike") make regarding their environmental efforts are deceptive, but again ignores the explanations accompanying those statements. Plaintiff also introduces a newly minted theory that Nike misrepresents that the products set forth in Exhibit A to the FAC contain recycled or organic fibers. Plaintiff's original theory fails because she did not cure the myriad of fatal pleading deficiencies identified in Nike's original motion to dismiss. Plaintiff's new theory, which relies entirely on an unwarranted negative inference and lacks any factual support, is beyond implausible and thus fails. Plaintiff has already amended her complaint and should not be permitted to do so again. The Court should dismiss the FAC in its entirety with prejudice.

***First***, the FAC adds no allegations curing her lack of standing to assert claims with respect to products she did not purchase or representations she did not see or rely upon.

***Second***, Plaintiff still does not plead any actionable deception. Plaintiff's claims are all grounded in fraud, but the FAC does not satisfy the particularity requirements of Rule 9(b). Plaintiff's claims also fail Rule 8's plausibility standard. Fed. R. Civ. P. 8 and 9(b). Regarding her claims that Nike's statements are misleading, a reasonable consumer would not be deceived given Nike's explanations and qualifications. Regarding her new claim that Nike's statements are false, Plaintiff's only "support" is an unwarranted negative inference that the inclusion of a product's material breakdown in one location on certain product-specific webpages means that the absence of a product's material breakdown in the same location on other product-specific webpages somehow shows that those products do not contain recycled or organic fibers. Plaintiff cites no factual support, such as analysis of the relevant products' fiber content, to make this theory

plausible. Indeed, Plaintiff ignores the fact that Nike discloses the recycled and organic fiber breakdown for each product in several places.

***Third***, the FAC fails to cure the other pleading deficiencies Nike identified with respect to Plaintiff's unjust enrichment, negligent misrepresentation, and fraud claims. Specifically, nothing in the FAC exempts these claims from the economic loss doctrine. Plaintiff also still has not alleged facts establishing that Nike had an intent to deceive (as required for common law fraud) or that it received a benefit from Plaintiff (as required for unjust enrichment).

***Fourth***, the FAC does not cure Plaintiff's lack of standing to seek prospective injunctive relief. Plaintiff is now fully aware of the supposed risk of deception and cannot seek relief for a hypothetical future injury.

For these reasons, the Court should dismiss the FAC in its entirety with prejudice.

## PLAINTIFF'S ALLEGATIONS

In her original complaint ("Complaint"), Plaintiff asserted that she purchased three Nike products from a third-party retailer after reviewing allegedly deceptive environmental representations that Nike made on its website, labeling, advertising, and packaging. Compl. ¶¶ 14-15. The FAC both abandons and adds allegations. ***First***, Plaintiff abandons claims with respect to certain representations and now only asserts claims with respect to: (1) statements that products contain recycled or organic fibers, or sustainable materials; and (2) statements and imagery from Nike's "Move to Zero" initiative. FAC ¶¶ 33-35. ***Second***, Plaintiff adds allegations that Nike's statements are false as to the products set forth in Exhibit A to the FAC because those products are not "made with recycled and organic fibers." FAC ¶ 40. The FAC contains no facts supporting this theory. Plaintiff relies entirely on an unwarranted negative inference that is contradicted by Nike's disclosures and qualifying language.

As further detailed below, Nike accurately discloses in several places the breakdown of recycled and organic fibers in each of its products.[1] For example, every product designated as containing "sustainable materials" is accompanied by a physical hangtag and product-specific webpage. FAC ¶ 33. Nike discloses the recycled and organic fiber breakdown on the product-specific hangtags, and on the summary statements and "How This Was Made" dropdowns on the product webpages. *See* Singh Decl., Exs. 3-8. Both the product-specific hangtags and webpages also direct consumers to Nike's sustainability homepage, which provides even more information about the sustainable materials that Nike uses and Nike's many environmental efforts more broadly. FAC ¶ 35; Singh Decl., Exs. 1-2.

Ignoring the explanations accompanying Nike's environmental representations, Plaintiff asserts the following claims: (1) violations of the Missouri Merchandising Practices Act ("MMPA") (Counts I—V); (2) unjust enrichment (Count VI); (3) negligent misrepresentation (Count VII); and (4) fraud (Count VIII). Plaintiff purports to assert these claims on behalf of a nationwide class (Counts VI—VIII) and a Missouri subclass (all counts). FAC ¶¶ 81-186.

**LEGAL STANDARD**

Under Rule 12(b)(1), a plaintiff must establish the "irreducible constitutional minimum of [Article III] standing." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff must "clearly . . . allege facts" demonstrating that she suffered an injury in fact fairly traceable to the challenged conduct of the defendant, and likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citation omitted). In a class action, the named plaintiff "must

---

[1] In ruling on this motion, the Court may review materials embraced by the allegations of the FAC but not included therein. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003); *see also Lizama v H&M Hennes & Mauritz LP*, 2023 WL 3433957, at *4 (E.D. Mo. May 12, 2023). Here, although referenced as a basis for Plaintiff's allegations, Nike's website and webpages are not attached thereto, and Nike is thus submitting them herewith. FAC ¶ 35. In addition to being incorporated by reference, this Court may take judicial notice of these materials, as explained in the Request for Judicial Notice filed contemporaneously herewith.

allege and show that [she] personally ha[s] been injured, not that injury has been suffered by other, unidentified members of the class." *In re SuperValu, Inc.*, 870 F.3d 763, 773 (8th Cir. 2017).

Under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory assertions and labels are "not entitled to be assumed true." *Id.* at 681.

Rule 9(b) applies where a claim is grounded in fraud, regardless of the claim's label and even if fraud is not an element. *Streambend Props. II, LLC v. Ivy Tower Minn., LLC*, 781 F.3d 1003, 1012 (8th Cir. 2015). Under Rule 9(b), "the complaint must identify the 'who, what, where, when, and how' of the alleged fraud." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006). For omission claims, a plaintiff "must allege what the omissions were, the person responsible for failing to disclose the information, the context of the omission and the manner in which it misled plaintiff and what defendant obtained through the fraud." *Ariel Pref. Retail Grp., LLC v. CWCapital Asset Mgmt.*, 2011 WL 4501049, at *9 (E.D. Mo. Sept. 28, 2011).

## ARGUMENT

## I. PLAINTIFF LACKS ARTICLE III STANDING

### A. Plaintiff Lacks Standing to Seek Relief for Products She Did Not Purchase

Plaintiff alleges that she purchased just three Nike products, yet she purports to assert claims related to thousands of other unpurchased products and to "reserve[] the right to amend this Complaint to include any additional items sold by Nike that are within the scope of this Complaint." FAC ¶ 4 n.1. District courts in the Eighth Circuit are split on whether a plaintiff may assert claims related to a product they did not purchase. Some courts find that a named plaintiff can represent only those who purchased the same product. *See Kelly v. Cape Cod Potato Chip Co.*, 81 F. Supp. 3d 754, 763 (W.D. Mo. 2015) (plaintiff lacked standing to bring claims for the

12 varieties of chips that she did not purchase). Others have held that standing requires that unpurchased products be "substantially similar." *Goldman v. Tapestry, Inc.*, 501 F. Supp. 3d 662, 667 (E.D. Mo. 2020) (citation omitted).

Plaintiff lacks standing with respect to unpurchased products under either approach. Plaintiff lacks standing under *Kelly* because the three products she purchased are not identical to the thousands she did not. Plaintiff lacks standing under the "substantial similarity" approach because she fails to allege facts establishing that the products she purchased, or the representations relating to them, are substantially similar to the products she did not purchase. ***First***, the over 2,000 products at issue differ greatly, including shirts, pants, hats, parkas, and socks. FAC Ex. A; *see also De Santiago Lizama v. Venus Lab'ys, Inc*, 2023 WL 4198097, at *6 (E.D. Mo. June 27, 2023) (finding no standing for products plaintiff did not purchase because they were too dissimilar in nature to products she did purchase). ***Second***, the products have different material makeups. For example, some products are made "with 100% recycled polyester fibers," while others are made with "a blend of both recycled polyester and organic cotton fibers." Singh Decl., Exs. 3, 7. ***Third***, the representations accompanying each product differ depending on the type of product, where and how the product was made, the product's material makeup, and whether the products are being sold online or in-store. *See* Singh Decl., Exs. 3-8. The Court should thus dismiss claims with respect to unpurchased products.

### B. Plaintiff Lacks Standing to Bring Claims Based on Representations She Did Not See or Rely Upon

Plaintiff also lacks standing for claims based on any representations she did not see or rely upon. A "plaintiff must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). This requires plausibly alleging—for every claim—"a causal connection between the injury and the conduct complained of." *Lujan*, 504 U.S. at 560.

While Plaintiff alleges that Nike's "organic cotton" and "recycled nylon" representations were misleading, she fails to allege that *she* purchased any products containing either material. The products that Plaintiff purchased contain recycled polyester; none contain cotton or nylon. *See* Singh Decl., Exs. 3-5. As such, Plaintiff has not plausibly alleged any "causal connection" between her alleged injuries and the "organic cotton" or "recycled nylon" representations.

## II. THE COURT SHOULD DISMISS EACH OF PLAINTIFF'S CLAIMS FOR FAILURE TO ADEQUATELY ALLEGE ANY ACTIONABLE DECEPTION

### A. Plaintiff Did Not Satisfy Rule 9(b)'s Heightened Pleading Standard

As a threshold matter, each of Plaintiff's claims are grounded in fraud and thus subject to Rule 9(b).[2] Her claims are all premised on the same theory that to capitalize on "consumers' increased interest in more 'green products,'" Nike "knowingly provided Plaintiff and Class members with false or misleading material information about the Products and failed to disclose material facts about the Products." FAC ¶¶ 7, 180; *see, e.g.*, ¶¶ 81-186 (Counts I—VIII).

Plaintiff alleges that she saw misleading "hangtag labeling, marketing, and advertising," (FAC ¶ 15) but does not identify the specific statements that *she saw*, as required by Rule 9(b). Moreover, despite alleging that the product-specific hangtags for 2,028 different products were misleading, Plaintiff fails to identify *what* specific statements Nike made on each individual hangtag and *why* those statements were misleading or false. In fact, Plaintiff only cites a single hangtag, which is not even the hangtag for one of the products she purchased. FAC ¶ 33. She also fails to plead what material facts were allegedly omitted from the materials she reviewed. Plaintiff has thus failed to plead the details required by Rule 9(b). Even standing alone, this is basis to dismiss the FAC in its entirety.

---

[2] "The Eastern and Western Districts of Missouri have consistently held that Rule 9(b) applies to MMPA cases." *Brunts v. Hornell Brewing Co.*, 2023 WL 3568650, at *9 (E.D. Mo. May 19, 2023) (citations omitted).

**B. Counts I and II Fail to Plausibly Allege Any Actionable Deception**

Claims under the MMPA are governed by the "reasonable consumer" test. *Bell v. Annie's, Inc.*, 2023 WL 3568623, at *3 (E.D. Mo. May 18, 2023) (Schelp, J.). If a plaintiff fails to allege enough facts making it plausible that a reasonable consumer would be misled, dismissal is required. Mo. Rev. Stat. § 407.025.1(2). Under the 2020 MMPA amendments, Plaintiff must also "establish: (a) that he acted as a reasonable consumer would in light of all circumstances; (b) that the method, act, or practice declared unlawful . . . would cause a reasonable person to enter into the transaction at issue; and (c) individual damages with sufficiently definitive and objective evidence to allow the loss to be calculated with a reasonable degree of certainty." *Id*. Further, the disclosure of information regarding the representations at issue—through qualifying statements or additional context—can prevent a reasonable consumer from being misled. *Lizama*, 2023 WL 3433957, at *5-6 (dismissing claims asserted by the attorneys bringing this case because H&M disclosed on its website all information a reasonable consumer needs to interpret and understand its environmental representations).

Here, Plaintiff fails to adequately plead the MMPA elements. Plaintiff has not plausibly alleged that she acted as a reasonable consumer would by relying only on substantively and contextually gerrymandered excerpts of Nike's environmental representations, as Missouri law would not excuse her failure to read the complete representations "where [she] ha[d] the opportunity to read something but cho[]se not to do so." *Bell*, 2023 WL 3568623, at *4.

1. <u>Nike's "Recycled and Organic Fiber" Representations Are Not False</u>

Plaintiff now alleges that Nike's "recycled and organic fibers" representations are false because the products in Exhibit A allegedly do not contain recycled or organic fibers. FAC ¶ 15. The Court need not accept Plaintiff's allegations as true because they are premised upon an unwarranted negative inference. *See Wiles v. Cap. Indem. Corp.*, 280 F.3d 868, 870 (8th Cir.

2002) (in ruling on a 12(b)(6) motion a court should ignore "unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."); *see also Ball-Bey v. Chandler*, 415 F. Supp. 3d 884, 894 (E.D. Mo. 2019) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – that the pleader is entitled to relief.") (citation omitted).

For every product designated as containing "sustainable materials," Nike provides a breakdown of the recycled and organic fibers contained therein. The recycled and organic fiber breakdown is always included on the product's hangtag, as well as on the product's webpage both in a summary statement located to the right of the product and in a "How This Was Made" dropdown. *See* Singh Decl., Exs. 3-8. Product webpages also contain a "View Product Details" link, which provides additional information about the products. While some of the "View Product Details" links contain a recycled and organic fiber breakdown in the "Product Details" subsection (*see e.g.*, FAC Ex. B), others do not (*see e.g.*, FAC Ex. A). Plaintiff's theory of falsity is predicated entirely on this variation. But it is belied by logic and fact.

The lack of a recycled and organic fiber breakdown in the "Product Details" subsection of the "View Product Details" link does not mean that these products contain no recycled or organic fibers. Indeed, Plaintiff cites no facts—such as an analysis of the relevant products' fiber composition—to make her negative inference theory "more than the mere possibility of misconduct." *Ball-Bey*, 415 F.Supp.3d at 895. To the contrary, Plaintiff's own allegations establish that Nike always discloses the recycled and organic fiber breakdown in several places for each product, even if it is not included in the "View Product Details" link. *See e.g.*, FAC ¶ 33; *see also* Singh Decl., Exs. 3-5. Moreover, for all three products Plaintiff allegedly purchased, Nike disclosed the recycled and organic fiber breakdown in the initial subsection of the "View Product

Details" links. *See e.g.*, Singh Decl., Ex. 3 ("This product is made with 100% recycled polyester fibers.").

For these reasons, Plaintiff's negative inference theory is unwarranted. Thus, she has not alleged facts sufficient to make it plausible that Nike's "recycled and organic" representations are false.

2. Nike's "Sustainable Materials" Representations Are Not Misleading

Plaintiff also alleges that Nike's representations about its use of sustainable materials are misleading. FAC ¶¶ 40-47. However, Plaintiff's allegations do not establish that a reasonable consumer would be misled, as she ignores that Nike explains why a given product is designated as containing sustainable materials and the particular use of those materials in the product.

***First***, the hangtags themselves explain the product's sustainable materials, how those materials are better for the environment as compared to traditional materials, and Nike's waste and carbon goals more generally. FAC ¶ 33. ***Second,*** each hangtag directs consumers to Nike's website, where Nike provides yet additional information about the sustainable materials used in its products, including where the materials are sourced from, what they are made of, and how they compare to alternative materials. *See* Singh Decl., Ex. 2. ***Third***, each product's unique webpage informs consumers about the specific sustainable materials used in a product. *See* Singh Decl., Exs. 3-8. No reasonable consumer provided with this information would be misled about the sustainability of the materials in Nike's products.

3. Nike's "Move to Zero" Representations Are Not False or Misleading

Plaintiff also asserts that various representations from Nike's "Move to Zero" initiative are false and misleading, including (1) statements by Nike about the purpose and goals of Move to Zero, (2) representations about the sourcing and environmental impact of its sustainable materials, and (3) the use of environmental imagery. *See, e.g.*, FAC ¶¶ 33-35.

Regarding the statements about Move to Zero's purpose and goals, Plaintiff alleges that statements such as "Taking Action, Together," "Move to Zero carbon and zero waste," and "Circular Solutions" are misleading. FAC ¶¶ 35-36. However, these are subjective, immeasurable statements that no reasonable consumer would regard as making a factual claim on which she could rely. *See Cortinas v. Behr Process Corp.*, 2017 WL 2418012, at *2 (E.D. Mo. June 5, 2017) (statements that are neither specific nor measurable and cannot be reasonably interpreted as making a factual claim constitute puffery and are not actionable under the MMPA). Rather, these statements present Nike's general vision for a "zero carbon and zero waste" future, and contain no objective facts about Nike's environmental efforts. *See Rochester Laborers Pension Fund v. Monsanto Co.*, 883 F. Supp. 2d 835, 882 (E.D. Mo. 2012) ("vague statement[s] of corporate optimism" are not actionable); *In re Mun. Stormwater Pond*, 429 F. Supp. 3d 647, 656 (D. Minn. 2019) (statements about environmental or global stewardship were non-actionable). And even if these statements were actionable, as explained above, the additional information Nike provides about each of its products prevents a reasonable consumer from being misled by them.

Regarding Nike's representations about the sourcing and impact of its sustainable materials, Nike describes each such material, including where it is made (*e.g.*, "all Air MI facilities are powered by 100% renewable wind energy"), what it is made from (*e.g.*, "Our recycled polyester is made from plastic bottles which are cleaned, shredded into flakes, converted into pellets, and then spun into a high-quality yarn"), and how it compares to alternative materials (*e.g.*, "The new recycled nylon yarn reduces our carbon emissions by up to 50% compared to virgin nylon"). *See* Singh Decl., Ex. 2. Plaintiff fails to adequately allege facts showing that any of these specific representations about the environmental impact of Nike's "sustainable materials" are false, and therefore fails to plead a statement that would mislead a reasonable consumer.

Regarding Nike's use of environmental imagery, Plaintiff identifies marketing containing "models and cartoon characters surrounded by lots of flowers and plush green plants," and the Sunburst logo as misleading. FAC ¶ 34. But this imagery makes no representation of fact that a reasonable consumer would ever rely on. *See Dwyer v. Allbirds, Inc.*, 598 F.Supp.3d 137, 153-54 (S.D.N.Y. 2022) (images of "happy" sheep" in "pastoral settings" were not actionable); *Myers-Taylor v. Ornua Foods N. Am., Inc.*, 2019 WL 424703, at *5 (S.D. Cal. Feb. 4, 2019) (images of "happy grass-fed cows" eating were "so exaggerated as to preclude reliance by consumers.").[3]

**C. Counts III and IV Do Not Plead an Actionable Omission Under the MMPA**

In Counts III and IV, Plaintiff asserts MMPA claims premised upon an omission of material fact. However, the FAC still fails to plausibly allege material facts regarding the fibers Nike uses in its products or Nike's environmental efforts more generally that are not readily available to the reasonable consumer. *See Lizama*, 2023 WL 3433957, at *7 (finding no actionable omission under MMPA because H&M disclosed information enabling consumers to "independently verify" H&M's representations).

Plaintiff relies on her allegations that she reviewed Nike's website hangtag, labeling, marketing, and advertising prior to purchasing the products (FAC ¶¶ 15, 36), and thus cannot evade the explanations accompanying every representation, as well as the voluminous information that Nike discloses to consumers. *See supra* II.B. Nike provides consumers with information about the makeup of recycled and organic fibers of every product on both a product-specific hangtag and webpage. *See* Singh Decl., Exs. 3-8. Nike also provides information about the specific materials

[3] Plaintiff also fails to plead ascertainable loss because her allegations establish that she received the benefit of the bargain. *See Mikhlin v. Johnson & Johnson*, 2014 WL 6084004, at *3 (E.D. Mo. Nov. 13, 2014) (citation omitted) (finding no "quantifiable damages" when plaintiffs purchased and received full use of the product, despite alleging they paid a price premium). Since Plaintiff received exactly the products she purchased, she is also unable to adequately plead the damages element added in the 2020 amendment to the MMPA.

it uses, how the use of those materials compares to use of their virgin counterparts, and more generally the environmental impact of using those materials. *Id.* at Ex. 2. Further, information about these materials is widely available from other sources. *See e.g.* FAC ¶¶ 42-46 & n.18. Thus, consumers like Plaintiff are able to not only ascertain Nike's environmental efforts and its products' material makeups, but to also independently verify whether Nike's representations comport with their own interpretations.

For these reasons, the FAC fails to identify an actionable omission by Nike.

**D. Count V Fails to Plead a Violation of Federal Statutes and Regulations**

Count V alleges an MMPA violation premised upon violations of the: (1) Federal Trade Commission's ("FTC") Guides for the Use of Environmental Marketing Claims ("Green Guides"); (2) Textile Fibers Products Identification Act ("Textile Act"); and (3) FTC Act. FAC ¶ 152. As a threshold matter, no court in the Eighth Circuit has held that violations of the Green Guides, Textile Act, or FTC Act constitute an "unfair practice" sufficient to state a claim under the MMPA. In fact, none of these laws provide for a private cause of action. 16 C.F.R. § 260.1(a); 15 U.S.C. § 70e; 15 U.S.C. § 45(a)(2). Allowing Plaintiff to invoke a private cause of action by asserting an MMPA claim would thus "exert an extraneous pull on the scheme established by Congress, and it is therefore pre-empted by that scheme." *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 353 (2001); *see also Antonacci v. Allergan USA, Inc.*, 2021 WL 3404024, at *2 (E.D. Mo. Aug. 4, 2021) ("the plaintiff must not be suing *because* the conduct violates the FDCA (such a claim would be impliedly preempted under *Buckman*)"). In addition to being preempted, Plaintiff fails to allege facts plausibly establishing violations of the Green Guides, Textile Act, or FTC Act.

1. Plaintiff Fails to Plead a Violation of the Green Guides

Nike's representations conform to the three Green Guide provisions referenced by Plaintiff. ***First***, while the Green Guides prohibit "[u]nqualified general environmental benefit claims," they

authorize "[m]arketers [to] qualify general environmental benefit claims to prevent deception about the nature of the environmental benefit being asserted." 16 C.F.R. § 260.4(b), (c). Here, Nike qualifies each of its environmental representations. *Supra* II.B; *see also Lizama*, 2023 WL 3433957, at *8 (finding that H&M's representations did not violate Green Guides because H&M "clearly defined the basis" for its representations). ***Second***, the Green Guides prohibit deceptive representations about recycled content. 16 C.F.R. § 260.13(a)-(b). Here, contrary to Plaintiff's allegations, Nike discloses each product's recycled and organic fiber makeup in several places. *Supra* II.B. ***Third***, the Green Guides require that marketers "ensure that all reasonable interpretations of their claims are . . . supported by a reasonable basis." 16 C.F.R. § 260.2. The Green Guides do not define "reasonable basis," but state that it "often requires competent and reliable scientific evidence." *Id*. Here, Plaintiff pleads no facts that Nike's environmental representations are not supported by a reasonable basis. To the contrary, Nike provides a wealth of information about the materials it uses and the general impact of those materials. *Supra* II.B.

2. Plaintiff Fails to Plead a Violation of the Textile Act or FTC Act

The Textile Act requires that "the combination of required information and non-required information" on product labels shall not be misleading, and that "any non-required information or representations placed on the product shall not minimize, detract from, or conflict with required information and shall not be false, deceptive, or misleading." 16 C.F.R. § 303.16(a), (c). Similarly, the FTC Act prohibits "unfair or deceptive acts or practices in or affecting commerce," and prohibits material representations likely to mislead a reasonable consumer. *See F.T.C. v. Fleetcor Techs., Inc.*, 620 F. Supp. 3d 1268, 1289 (N.D. Ga. 2022); *see also* 15 U.S.C. § 45(a)(2), 70e.

Here, Plaintiff merely recites the Acts' elements, and does not allege facts establishing that non-required information minimized or detracted from Nike's qualifying and contextualizing explanations of its environmental representations. To the contrary, these explanations preclude a

reasonable consumer from being misled. *See supra* II.B. Indeed, Nike's compliance with the Green Guides (as discussed above)—which are the FTC's own guidelines governing environmental representations—render the alleged violations of the Textile Act and FTC Act implausible.

For the aforementioned reasons, Count V should be dismissed.

### E. Plaintiff's Common Law Claims (Counts VI—VIII) Fail Because They Are Duplicative of Her Deficient MMPA Claims

Plaintiff's common law unjust enrichment, fraud, and negligent misrepresentation claims are based on the same deficient theory of deception as her MMPA claims and should thus fail with those claims. *See Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 134 (Mo. Banc 2010) (negligent misrepresentation requires showing that information supplied is false); *Velder v. Cornerstone Nat'l Ins. Co.*, 243 S.W.3d 512, 517 (Mo. Ct. App. 2008) (same for fraud); *Exec. Bd. of Mo. Baptist Convention v. Windermere Baptist Conf. Ctr.*, 280 S.W.3d 678, 697 (Mo. Ct. App. 2009) (unjust enrichment requires showing it would be unjust to allow defendant to retain benefit); *Lizama*, 2023 WL 3433957, at *8 (dismissing unjust enrichment, negligent misrepresentation, and fraud claims on the same basis as plaintiffs' MMPA claims). *Id.*

### F. Plaintiff's Common Law Claims (Counts VI—VIII) Suffer From Additional Pleading Deficiencies

Plaintiff's common law claims suffer from yet additional pleading deficiencies. Assuming that Missouri law applies to these claims,[4] they are all barred by the economic loss doctrine, which bars claims in tort for purely economic losses like those which Plaintiff alleges here. FAC ¶ 12;

[4] Plaintiff failed to specify any governing law for her purported nationwide common law claims, which is also a basis for dismissal of those claims. Nike reserves the right to challenge the applicability of Missouri law, including because Nike is an Oregon company and Plaintiff identifies no basis for the application of Missouri law to non-Missouri purchasers. The elements of the common law claims also vary greatly from state to state and Nike reserves the right to move to strike or dismiss the purported nationwide claims at a later stage on a more developed record. *See Barker v. Nestle Purina PetCare Co.*, 601 F. Supp. 3d 464, 473 (E.D. Mo. 2022) (Schelp, J.) (expressing skepticism about the propriety of similar nationwide claims, but opting not to dismiss such claims at the initial pleading stage).

*Renaissance Leasing*, 322 S.W.3d at 130-31; *Hammack v. Harbor Freight Tools USA, Inc.*, 2022 WL 14225017, at *4 (W.D. Mo. Oct. 24, 2022); *Purcell Tire & Rubber Co. v. Padfield, Inc.*, 2022 WL 2785898, at *6 (E.D. Mo. July 15, 2022). Plaintiff also fails to plead facts making it plausible that Nike had intent to deceive, as required for common law fraud, or that Nike received a benefit from Plaintiff, who purchased Nike products from a third-party retailer.[5] FAC ¶ 14. Further, the MMPA provides an adequate statutory remedy that precludes equitable claims like unjust enrichment. *May v. Makita U.S.A., Inc.*, 2023 WL 417487, at *6 (E.D. Mo. Jan. 26, 2023) (Limbaugh, J.). These pleading deficiencies are yet additional bases for dismissal of the common law claims.

### G. Plaintiff Lacks Standing to Seek Prospective Injunctive Relief

To have standing to seek prospective injunctive relief, the complaint must show an injury that is "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan*, 504 U.S. at 560. Plaintiff alleges she "would like to purchase the Products in the future if they were properly labeled, and/or the Products complied with the labeling and advertising statements." FAC ¶ 67. However, such "some day" allegations are insufficient to establish a likelihood of future injury. *Brunts*, 2023 WL 3568650, at *10 (finding no standing for prospective injunctive relief because plaintiff's allegation that he would purchase the product if labeled correctly was a hypothetical situation); *Barker v. Nestle Purina PetCare Co.*, 601 F. Supp. 3d 464, 470-71 (E.D. Mo. 2022) (Schelp, J.) (same). The Court should thus dismiss Plaintiff's demand for prospective injunctive relief.

## <u>CONCLUSION</u>

For these reasons, Nike requests that the Court dismiss the entire FAC with prejudice.

---

[5] *See Keithley v. Shelton*, 421 S.W.3d 502, 506 (Mo. Ct. App. 2013) ("'[F]raud is a positive act resulting from a willful intent to deceive.'") (citations omitted); *CIBC Bank USA v. Williams*, 2023 WL 3310942, at *9 (Mo. Ct. App. May 9, 2023) (requiring defendant's receipt of benefit from plaintiff for unjust enrichment claim).

Dated: August 24, 2023

Respectfully submitted,

**HEPLERBROOM LLC**

By: */s /Beth A. Bauer*
Beth A. Bauer, #49981MO
130 N. Main Street
PO Box 510
Edwardsville, IL 62025
Telephone: (618) 656-0184
Facsimile: (618) 656-1364
Beth.Bauer@heplerbroom.com

Matthew T. Suddarth #74857MO
701 Market Street., Ste. 1400
St. Louis, MO 63101
Telephone: (314) 241-6160
Facsimile: (314) 241-6116
Matthew.Suddarth@heplerbroom.com

**WEIL, GOTSHAL & MANGES LLP**

DAVID R. SINGH (*Pro Hac Vice*)
david.singh@weil.com
MORGAN D. MACBRIDE (*Pro Hac Vice*)
morgan.macbride@weil.com
201 Redwood Shores Parkway, 4th Floor
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

***Attorneys for Defendants NIKE USA, INC. and NIKE RETAIL SERVICES, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed on this 24th day of August, 2023, the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

*/s/Beth A. Bauer*