UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARIA GUADALUPE ELLIS, *on behalf of herself and all others similarly situated*, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NIKE USA, INC., *et al.*, )<br>)<br>Defendants. ) | Case No. 4:23-cv-00632-MTS |

## **MEMORANDUM AND ORDER**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint. Doc. [27]. Plaintiff Maria Guadalupe Ellis filed her original Complaint alleging violations of the Missouri Merchandising Practices Act ("MMPA") and asserting other state law claims. Doc. [1]. In response, Defendants Nike USA, Inc. and Nike Retail Services, Inc. (collectively "Defendants" or "Nike") filed their first Motion to Dismiss. Doc. [20]. Plaintiff then filed an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1), Doc. [23], and Defendants filed the instant Motion to Dismiss the Amended Complaint. For the reasons discussed herein, the Court will grant the Motion and dismiss this action.

### **Background**

Nike designs, develops, manufactures, markets, and sells footwear, apparel, accessories, and equipment around the world. Doc. [23] ¶ 16–17. It markets some of its products as being included in its "self-proclaimed 'Sustainability' clothing line" (the "Sustainability Collection Products" or "the Sustainability Collection"). *Id.* ¶ 4. Nike markets the Sustainability Collection as being made with "sustainable" materials like "recycled fibers"

that "reduce waste" and Nike's "carbon footprint." *Id.* ¶ 6. The Sustainability Collection, Nike markets, supports its "journey toward zero carbon and zero waste." *Id.*

Plaintiff purchased three items from the Sustainability Collection: (1) a Nike Dri-FIT One Women's Standard Fit Short Sleeve Cropped Top, (2) a Nike Dri-FIT Rise 365 Men's Short Sleeve Running Top, and (3) a Nike Dri-FIT One Women's Luxe Standard Fit Tank. *Id.* ¶ 14. Plaintiff allegedly purchased these items after viewing the product's hangtag labeling, marketing, and advertisements—though she does not include any hangtag, labeling, marketing, or advertising specific to any of these three items. *Id.* ¶ 15. Plaintiff alleges that these three products are among 2,028 within Nike's Sustainability Collection that Nike misrepresents. In Exhibit A attached to her Amended Complaint, *see* Doc. [23-1], Plaintiff lists out all the items that she says Nike represents as being sustainable and made with "recycled and organic materials" but that are, in reality, "made with virgin synthetic and non-organic materials that are harmful to the environment." Doc. [23] ¶ 6; *accord id.* ¶¶ 40, 51.

In reliance on Nike's representations, Plaintiff says she purchased the three items at an alleged premium. *Id.* ¶¶ 57, 63. Though she does not allege the price she paid for the items, she says she would not have paid what she did had she "known the truth." *Id.* ¶¶ 66–67. In search of redress for herself and others similarly situated, Plaintiff filed the present putative class action seeking compensatory and monetary damages, a corrective advertising campaign, and injunctive relief. *Id.* ¶ 187.

## Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief

2

can be granted." The purpose of such a motion is to test the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the Court assumes a complaint's well-pleaded factual allegations are true and makes all reasonable inferences in favor of the nonmoving party, but the Court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). To survive a motion to dismiss, the complaint must allege facts supporting each element of the plaintiff's claims, and the claims cannot rest on mere speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint "must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" and instead must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility of a complaint turns on whether the facts alleged allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

3

## Discussion[1]

Plaintiff's Amended Complaint fails to plead factual content that allows the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged. The lynchpin of every claim in Plaintiff's action is that Nike's products aren't what it says they are. But the Amended Complaint wholly fails to allege facts making that plausible. Plaintiff declares that more than two thousand of Nike's products "***are not made with any 'recycled and organic fibers'***" and "are not made with any 'sustainable' materials." Doc. [23] ¶ 6. Rather, she says, they "are made with virgin synthetic and non-organic materials that are harmful to the environment." *Id.* How does she know this to be true? She does not say.

While Plaintiff confidently and repeatedly makes this charge—*see, e.g.*, *id.* ¶¶ 60, 62, 94, 95, 123—she alleges no further information whatsoever to establish how she has concluded that these two thousand products contain *no* recycled or organic fibers and are, in reality, made with virgin synthetic and non-organic materials. She makes no mention of any testing or analysis. She says nothing about how their look or feel might indicate their makeup. She puts forth no allegations surrounding the supplier of Defendants' materials. She claims nothing about the manufacturing process. She details no inside knowledge from, say, a whistleblower, for example, who has come forward on this alleged massive corporate lie. Her Amended Complaint says only that she purchased three products from Nike's Sustainability Collection and her unadorned conclusion that more than two thousand of Nike's Sustainability Collection products are not made with *any* recycled and organic fibers.

---

[1] Plaintiff has pleaded facts that establish she has Article III standing. *See Hawkins v. Nestle U.S.A. Inc.*, 309 F. Supp. 3d 696, 708-09 (E.D. Mo. 2018) (explaining that the plaintiff "alleged sufficient facts" to demonstrate Article III standing "in that she has alleged an injury in fact, which is fairly traceable to [d]efendant's conduct, and which will likely be redressed by a favorable decision").

To be sure, she does provide one cryptic allegation seeking to support her bald conclusion. One of the 188 paragraphs in her Amended Complaint alleges that Defendant has *admitted* that its products are fraudulent. She alleges that, "by Nike's own admission, none of the 2,028 Nike 'Sustainability' Collection Products identified in Exhibit A . . . are actually made with any recycled fibers, organic fibers, and/or sustainable materials." *Id.* ¶ 40. What further need could there be of allegations to make Plaintiff's claim plausible if Defendant admits its own fraud? But flip to Exhibit A and you will see no such admission. Rather, you will find a long spreadsheet that Plaintiff appears to have made herself and that lists Nike's products and their material makeup. Doc. [23-1]. Absolutely nothing within Exhibit A indicates it, in any way, came from Defendants.

What is more, nothing in Exhibit A establishes that Defendants use only virgin synthetic and non-organic materials in any of the listed products. The "Materials" section of Exhibit A lists the products' makeup as things like "100% polyester," or "83% polyester" and "17% spandex," for example. *Id.* at 1. It is silent on whether the products contain or do not contain recycled material or organic material. That is, it does not say that the polyester in these products was or was not virgin or was or was not recycled. Because it says *nothing* about the recycled content of the fibers, Exhibit A does not make Plaintiff's conclusion any more plausible. Plaintiff's representation to the Court that she "relies on Nike's own statements that the Products are made with virgin synthetic and non-organic materials," while citing this exhibit, unashamedly disregards Federal Rule of Civil Procedure 11(b). *See* Doc. [32] at 16.

In sum, Plaintiff alleges that as a consumer she "lack[s] the meaningful ability to test or independently ascertain or verify whether a product is made with 'recycled and organic fibers' and 'sustainable' materials." Doc. [23] ¶ 59. And she alleges that she purchased just

5

three products from Defendant.  Nevertheless, she has concluded that two thousand of Nike's Sustainability Collection products "are not made with any 'recycled and organic fibers.'" *Id.* ¶ 40 (emphasis omitted).  The Court "need not accept as true [Plaintiff's] conclusory allegation" and does not do so here.  *Glick*, 944 F.3d at 717.  Her "mere conclusory statemen[t]" does "not suffice." *Id.*  To be clear, the Court "do[es] not reject [Plaintiff's] bald allegation[]" on the ground that it is "unrealistic or nonsensical." *See Iqbal*, 556 U.S. at 681. "It is the conclusory nature of [Plaintiff's] allegation[], rather than [its] extravagantly fanciful nature, that disentitles [it] to the presumption of truth." *Id.*  Since all of Plaintiff's claims[2] are premised on these statements being misleading, false, or fraudulent, but she has failed to plausibly allege that they are, all her claims in this action necessarily fail.

\*     \*     \*

In any event, even if the Court accepted as true Plaintiff's wholly unsupported statement that Defendants' claims are false or misleading, her claims under the Missouri Merchandising Practices Act still would be subject to dismissal because she has not plausibly pleaded that she "acted as a reasonable consumer would in light of all circumstances."  *See* Mo. Rev. Stat. § 407.025.1(2)(a).

The MMPA prohibits "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." Mo. Rev. Stat. § 407.020.1.  To establish a violation

---

[2] In addition to the MMPA claims alleged in Counts I-V of the Amended Complaint, Plaintiff has also alleged several common law claims including claims for unjust enrichment, negligent misrepresentation, and fraud.

of the MMPA, Missouri law has long required a plaintiff to establish that she (1) purchased merchandise from the defendant; (2) for personal, family, or household purposes; and that she (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful under the Merchandising Practices Act. *See Bell v. Annie's Inc.*, 673 F. Supp. 3d 993, 997 (E.D. Mo. 2023); *see also Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 773 (Mo. banc 2007); *accord Schulte v. Conopco, Inc.*, 997 F.3d 823, 825–26 (8th Cir. 2011).

The 2020 amendments to the MMPA now also require a plaintiff to establish (a) that she acted as a reasonable consumer would in light of all the circumstances; (b) that the method, act, or practice declared unlawful would cause a reasonable person to enter into the transaction that resulted in the damages; and (c) individual damages with sufficiently definitive and objective evidence to allow the loss to be calculated with a reasonable degree of certainty. *See Bell*, 673 F. Supp. 3d at 998. Put differently, claims under the MMPA are governed by the "reasonable consumer" test. *See Hess*, 220 S.W.3d at 773; *see also Bell*, 673 F. Supp. 3d at 998, at *3; *see also Lizama v. H&M Hennes & Mauritz LP*, 4:22-cv-1170-RWS, 2023 WL 3433957, at *5 (E.D. Mo. May 12, 2023). If a plaintiff cannot establish that a "reasonable consumer" would be misled, dismissal as a matter of law is warranted. Mo. Rev. Stat. § 407.025.1(2) ("A court may dismiss a claim as a matter of law where the claim fails to show a likelihood that the method, act, or practice alleged to be unlawful would mislead a reasonable consumer.").

Plaintiff put together a forty-seven page Amended Complaint. Given its length, it is remarkable how much Plaintiff manages not to say in it. While the Amended Complaint contains numerous screenshots, lengthy excerpts from Defendant's website, excerpts from

product hangtags, and even the image of a product hangtag, the Amended Complaint says *nothing* about what Plaintiff actually read or heard about the three products she purchased before she purchased them.  Though she alleges she purchased three separate products, she does not reveal what the hangtag on any of those products stated.  In fact, the only image of a product hangtag placed in the Amended Complaint is for a *different* product that she does not even allege she bought.[3]  While Plaintiff details numerous things Defendant has stated on its website, "advertisements," and "social media," Doc. [23] ¶ 34, Plaintiff never once alleges what specific representations she saw.  Rather, Plaintiff alleges a catchall; she "saw the hangtag labeling, marketing, and advertising, which represented that the Products are made with 'recycled and organic fibers' and 'sustainable' materials which 'reduce waste and our carbon footprint,' and support a 'move to zero carbon and zero waste.'"  *Id.* ¶ 15.

Missouri law requires Plaintiff to plead allegations showing that she acted as a reasonable consumer would in light of all circumstances.  Plaintiff seeks to skirt that requirement by being especially vague on the circumstances present here.  Plaintiff *saw* unspecified labeling, marketing, and advertising. Did she read them?  Which ones did she see?  And, perhaps most importantly, what else did they say?  She does not say.  She supplies only fragmented excerpts from unidentified labels, marketing, and advertisements.  Since she did not plead what information was available to her at the time, nor what she reviewed or did not review, the Court does not have near enough of the circumstances.  She, therefore, has not plausibly pleaded that she acted as a reasonable consumer would in light of all the circumstances.

---

[3] Instead, Plaintiff attached a hangtag for a "Nike Packable Vest" to her Amended Complaint.  Doc. [23] ¶ 33.

**Conclusion**

In sum, Plaintiff has failed to plausibly allege more than conclusory facts that the Defendant's statements were misleading, false, or fraudulent as required to establish liability. For this reason, all her claims necessarily fail. In addition, Plaintiff's MMPA claims fail because she has not plausibly alleged she acted as a reasonable consumer would in light of all the circumstances. As such, the Court will grant Defendants' Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. [27], is **GRANTED**.

A separate Order of Dismissal dismissing this action will be entered herewith.

Dated this 28th of March 2024.

    MATTHEW T. SCHELP
    UNITED STATES DISTRICT JUDGE