**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARIA GUADALUPE ELLIS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NIKE USA, INC, and NIKE RETAIL SERVICES, INC,<br><br>Defendants. | ) | Case No. 4:23-cv-00632-MTS |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION AND LEAVE TO AMEND PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff Maria Guadalupe Ellis ("Plaintiff"), by and through undersigned counsel, respectfully moves the Court pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to reconsider its March 28, 2024 Memorandum and Order (Dkt. #34) and separate Order of Dismissal (Dkt. #35) granting Defendants Nike USA, Inc.'s and Nike Retail Services, Inc.'s ("Defendants") Motion to Dismiss (Dkt. #27) for failure to plausibly allege a claim. As set forth below, both the Court's Memorandum and Order and separate Order of Dismissal dismissing the Amended Complaint failed to state that the dismissal was without prejudice and thus, Plaintiff respectfully submits, committed manifest error by not dismissing the Amended Complaint without prejudice and/or granting leave to amend. Plaintiff respectfully requests that the Court reconsider and vacate its March 28, 2024 Order to the extent that it failed to grant Plaintiff leave to amend to address the foregoing issues. Plaintiff should also be granted leave to amend because the proposed Second Amended Complaint ("SAC") (Exhibit 1) cures the specific Rule 8 plausibility defects the Court identified in its Memorandum and Order dismissing this action and Plaintiff should therefore be afforded the opportunity to test her claims on the merits.

## ARGUMENT

### I. The Court's Dismissal of Plaintiff's Amended Complaint Without Prejudice or Leave to Amend is, Respectfully, a Manifest Error of Law

The Court's dismissal of Plaintiff's Amended Complaint without prejudice or leave to amend is, respectfully, a manifest error of law. The Eighth Circuit requires that a plaintiff be given the chance to amend a complaint before the court dismisses the claims with prejudice for failure to plausibly allege a claim.

On March 28, 2024, the Court entered its Order granting Defendants' Motion to Dismiss Plaintiff's Amended Complaint finding that "[t]he lynchpin of every claim in Plaintiff's action is that Nike's products aren't what they say they are…[b]ut the Amended Complaint wholly fails to allege facts making that plausible." Dkt. #34 at 4. The Court also ruled that Plaintiff "has not plausibly pleaded that she 'acted as a reasonable consumer would in light of all circumstances.'" *Id.* at 6. In dismissing this action, the Court concluded:

> In sum, Plaintiff has failed to plausibly allege more than conclusory facts that the Defendant's statements were misleading, false, or fraudulent as required to establish liability. For this reason, all her claims necessarily fail. In addition, Plaintiff's MMPA claims fail because she has not plausibly alleged she acted as a reasonable consumer would in light of all the circumstances. As such, the Court will grant Defendants' Motion to Dismiss.

*Id.* at 9. However, both the Court's Memorandum and Order and separate Order of Dismissal dismissing the Amended Complaint failed to state that the dismissal was without prejudice and thus, Plaintiff respectfully submits, committed manifest error by not dismissing the Amended Complaint without prejudice and/or granting leave to amend. *Id.* at 1-9; Dkt. 35. Plaintiff should be given sufficient opportunity to comply with the plausibility requirements of Rule 8.

"A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)[.]" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citing *Innovative Home Health Care v. P. T.-O. T. Assoc. of*

*the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Yeransian v. B. Riley FBR, Inc.*, 984 F.3d 633, 636 (8th Cir. 2021) (quotation omitted); *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 721 (8th Cir. 2010); *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Consistent with this principle, "[o]rdinarily dismissal of a plaintiff's complaint for failure to comply with Rule 8 should be with leave to amend." *Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983) (citing *Koll v. Wayzata State Bank*, 397 F.2d 124, 127 (8th Cir.1968). It is only when "the plaintiff has persisted in violating Rule 8 the district court is justified in dismissing the complaint with prejudice." *Michaelis*, 717 F.2d at 438 (citing *Micklus v. Greer*, 705 F. 2d 314, 317 n. 3 (8th Cir. 1983) (persistent failure to comply with Rule 8 justifies dismissal without leave to amend)).

Here, the Court's Order recognizes that a claim could be stated. Indeed, the Court specifically stated that it "'do[e]s not reject [Plaintiff's] bald allegation[]' on the ground that it is 'unrealistic or nonsensical.'" Dkt. #34 at 6 (citing *Achcroft v. Iqbal*, 556 U.S. 662, 681 (2009).[1] The Court noted that "'[i]t is the conclusory nature of [Plaintiff's] allegation[], rather than [its] extravagantly fanciful nature, that disentitles [it] to the presumption of truth.'" *Id.* Plaintiff's proposed SAC cures the specific defects the Court identified in dismissing this action for failing to plausibly allege facts to support her claims. Exhibit 1. *See also* Section II, *infra*. Plaintiff can

---

[1] In *Iqbal*, the Supreme Court noted that under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." 556 U.S. at 681.

plead facts to establish how Plaintiff concluded that the Products at issue contain no recycled materials. *Id.* And the SAC pleads the exact statements that Plaintiff read and relied on in making her purchase of the Products at issue. *Id.* As amended, and as such facts clearly exist, such claims would therefore fall within the scope of a valid claim as articulated by the Court in its Order.

Because it did not grant Plaintiff leave to amend her Amended Complaint and/or dismiss the Amended Complaint without prejudice, the Court failed to afford Plaintiff the opportunity to proffer amendments sufficient to cure the issues found by the Court in its Order. Plaintiff respectfully submits that this constitutes clear error and requests that the Court reconsider and vacate its March 28, 2024 Order to the extent that it failed to grant Plaintiff leave to amend to address the foregoing issues.

## II. Because the Proposed Second Amended Complaint Cures the Rule 8 Plausibility Defects the Court Identified in its Memorandum and Order Dismissing This Action, Plaintiff Should Be Given the Opportunity to Test Her Claims on the Merits

Plaintiff should also be granted leave to amend because the proposed SAC cures the specific Rule 8 plausibility defects the Court identified in its Memorandum and Order dismissing this action and Plaintiff should therefore be afforded the opportunity to test her claims on the merits. The SAC plausibly alleges information to establish how Plaintiff concluded that the Products at issue contain no recycled materials. And the SAC addresses the Court's concerns regarding the exhibits cited in support of Plaintiff's claims. Lastly, the SAC identifies the exact statements that Plaintiff read and relied on in making her purchase of the Products at issue. Importantly, as discussed in Section I. *supra*, the Court has not yet afforded the Plaintiff the opportunity to cure these deficiencies. Moreover, the SAC demonstrates that granting leave to amend would not be futile.

**A. Standard of Review**

"[I]t is well-settled that plaintiffs 'remain free where dismissal orders do not grant leave to amend to seek vacation of the judgment under Rules 59 and 60[b] and offer an amended complaint in place of the dismissed complaint.'" *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 742 (8th Cir. 2014) (quoting *Quartana v. Utterback*, 789 F.2d 1297, 1300 (8th Cir. 1986)). "But it is also well-settled that district courts in this circuit have considerable discretion to deny a [timely] post judgment motion for leave to amend because such motions are disfavored, but may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits." *Mask of Ka-Nefer-Nefer*, 752 F.3d at 742-43 (citation and internal quotation omitted). However, there is no absolute right to amend a pleading. *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003) (citation omitted). While Rule 15(a)(2) directs courts to "freely give leave" to amend when justice requires, courts "may appropriately deny leave to amend where there are compelling reasons 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" Fed. R. Civ. P. 15(a)(2); *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (citations and quotations omitted).

**B. The SAC Alleges Information to Establish How Plaintiff Concluded That the Products at Issue Contain No Recycled Materials**

The Court found that Plaintiff failed to plausibly allege that the Products at issue contain no recycled materials. Dkt. #34 at 4-6. The Court noted that Plaintiff "makes no mention of any testing or analysis." *Id.* at 4. But the proposed SAC specially alleges that Plaintiff's counsel independently tested a sampling of the particular Nike "Sustainability" Clothing Collection Products and found that the Products contain no recycled materials. Exhibit 1 (FAC, ¶¶ 4 fn. 1,

18, 22, 48). On behalf of Plaintiff, Plaintiff's counsel commissioned a well-known accredited laboratory that independently tested a sampling of the Products at issue, including the Nike Dri-FIT One Women's Standard Fit Short-Sleeve Cropped Top and the Nike Dri-FIT Rise 365 Men's Short-Sleeve Running Top that Plaintiff purchased, and concluded that the Products contained no recycled materials. *Id.*

Moreover, the SAC alleges that a sampling of the other clothing products identified in Exhibit B to the SAC that are not included in Plaintiff's claims at this time have been independently tested by a well-known laboratory commissioned by Plaintiff's counsel and found to actually contain recycled materials. *Id.*, ¶ 62. This independent testing of a sampling of these other clothing products that are not included in Plaintiff's claims at this time confirmed that the recycled polyester in these other clothing products comes from PET bottles. *Id.*, ¶ 63. Thus, this independent testing confirms that Nike's claims that the Products currently at issue in this lawsuit are made with recycled materials are false, misleading, and deceptive. *Id.*, ¶ 65.

### C. The SAC Alleges Information to Address the Court's Concerns Regarding Exhibit A to the Amended Complaint

The Court raised concerns that "[a]bsolutely nothing within Exhibit A indicates that it, in any way, came from Defendants." Dkt. #34 at 4-5. The allegations in the proposed SAC and the version of Exhibit A attached to the SAC make clear that all of the information provided in Exhibit A was taken verbatim from statements made on Nike's website during the Class Period. The proposed SAC and attached Exhibit A indicate that Nike's website, https://www.nike.com, contains a URL for each of the Products. SAC, ¶ 50; Exhibit A ("Product URL" column). The URL for each of the Products contains a link entitled, "View Product Details." *Id.* The "View Product Details" link for the Products has a "Product Details" section which provides the percentages and breakdowns of the materials in the Products. *Id.* The screenshots in the proposed

SAC provide an exemplar of where the information contained in Exhibit A is located in the "Product Details" section of the Products' respective URL. *Id.* These percentages and breakdowns of the materials from the "Product Details" section for each and every one of the Products from Nike's website during the Class Period are listed in the "Materials" section of Exhibit A. SAC, ¶ 51; Exhibit A ("Materials" column). The Nike Products are all made from virgin synthetic and conventionally grown fibers such as "polyester," "nylon," and/or "cotton." *Id.* Nike admits that none of the Products are made with recycled materials. *Id.* And, as discussed in Section II.B., *supra*, a sampling of the Products identified in Exhibit A have been independently tested and found to contain no recycled materials.

The Court also found that Exhibit A's "is silent on whether the Products at issue contain or do not recycled or organic materials" and "[b]ecause it says *nothing* about the recycled content of the fibers, Exhibit A does not make Plaintiff's conclusion any more plausible." Dkt. #34. To address these concerns Plaintiff's proposed SAC identifies additional representations on Nike's website that do specifically say that Nike products that are not included in Plaintiff's claims are made with recycled materials. SAC, ¶¶ 59-61; Exhibit B.

Nike admits on its website that hundreds of other clothing products from its "Sustainability" Collection which Nike also labels with a hangtag representing that they are made with recycled materials, that are not included in Plaintiff's claims at this time, are actually made with recycled, organic, and sustainable materials such as recycled polyester, recycled nylon, and organic cotton. SAC, ¶ 59; Exhibit B. The URL from Nike's website, https://www.nike.com/, for each of the other clothing products also contains a link entitled, "View Product Details." SAC, ¶ 60; Exhibit B. The "View Product Details" link for the other clothing also has a "Product Details" section and provides the percentages and breakdowns of the materials in the Products. SAC, ¶ 61;

Exhibit B. These breakdowns of the materials from the "Product Details" section for each and every one of the other Nike clothing products that are not included in Plaintiff's claims which Nike also labels with hangtags claiming they are made with recycled materials from Nike's website during the Class Period are listed in the "Materials" section of Exhibit B. *Id.* By Nike's own admission, these other Nike clothing products are actually made from "recycled polyester," "recycled nylon," and "organic cotton." *Id.* Nike's website statements thus confirms that these products are "made with recycled and organic fibers." *Id.* Moreover, as discussed in Section II.B., *infra*, a sampling of the other clothing products identified in Exhibit B that are not included in Plaintiff's claims at this time have been independently tested by a well-known accredited laboratory commissioned by Plaintiff's counsel and found to actually contain recycled materials.

### D. The SAC Identifies the Exact Statements that Plaintiff Read and Relied On in Making Her Purchases of the Products at Issue

The Court raised additional concerns regarding Plaintiff's Missouri Merchandising Practices Act ("MMPA") claims in finding that Plaintiff has not plausibly pleaded that she acted as a reasonable consumer would in light of all the circumstances. The Court found that "the Amended Complaint says *nothing* about what Plaintiff actually read or heard about the three products she purchased before she purchased them." Dkt. #34 at 7-8. In dismissing Plaintiff's MMPA claims, the Court concluded that "[s]ince [Plaintiff] did not plead what information was available to her at the time, nor what she reviewed or did not review, the Court does not have near enough of the circumstances." *Id.* at 8. The allegations in the proposed SAC address these concerns and identify the exact statements that Plaintiff read and relied on in making her purchases of the Products at issue.

The proposed SAC specifically pleads what Plaintiff read and relied on in purchasing the Nike Dri-FIT One Women's Standard Fit Short-Sleeve Cropped Top and the Nike Dri-FIT Rise

365 Men's Short-Sleeve Running Top Products. SAC, ¶¶ 16, 19, 23. The SAC provides pictures of the exact hangtag labels on the Products that Plaintiff purchased. *Id.* at ¶¶ 16, 19. Further, the SAC specifically pleads that "Plaintiff purchased the Nike Products because she saw and read the hangtag labeling which represented that the Products are [made with recycled materials]." *Id.* at ¶ 23. And the SAC pleads the specific representations that Plaintiff relied on. *Id.* Indeed, the SAC identifies and alleges the specific representations that Plaintiff saw and relied on in purchasing the Products.

**E. Factors That Typically Weigh Against Leave to Amend are Not Present Here**

Under Rule 15(a)(2), leave to amend should be granted "absent good reason for a denial." *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). Undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies with prior amendments, undue prejudice to the non-moving party, and futility are valid reasons courts can deny leave to amend. *Id.*; *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir.2004). None are present here.

The amendment is not futile for the reasons explained above. *See* Sections I. and II.B.C.D, *supra*. Nor is there any delay, bad faith, or dilatory motive. Plaintiff is responding within the time afforded by Rule 59(e) with a motion seeking leave to amend in order to resolve the deficiencies identified by the Court. Plaintiff has not previously sought leave to amend her complaint—this is her first and only such request.[2] As such, this is not a case where Plaintiff has repeatedly failed to cure deficiencies previously allowed by the Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Moreover, "[d]elay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown." *Bediako*, 354 F.3d at 841. "The inclusion of a claim based on facts already known or available to both sides does not prejudice the nonmoving party." *Popp Telcom*, 210 F.3d

[2] Plaintiff did amend her Complaint once as a matter of course in response to Defendants' first motion to dismiss. Dkt. #23.

at 943. Instead, it is typically an abuse of discretion to deny leave to amend based on facts similar to those comprising the original complaint because the proposed amendment results in no additional discovery burden or procedural delay. *Id.*

Here, there is no prejudice to Defendants, undue or otherwise. As indicated in the redline version of the proposed SAC attached as Exhibit 1, there are no new causes of action. The SAC does not substantially change the theory of Plaintiff's case against Defendants. Plaintiff seeks to resolve the Rule 8 plausibility deficiencies identified by the Court. *See* Sections I. and II.B.C.D, *supra*. And Defendants would not sustain any prejudice if, at this early state of litigation, the Court were to grant Plaintiff leave to file the SAC. *See, e.g., Cowden v. BNSF Ry. Co.*, No. 4:08CV1534 ERW, 2013 WL 1282248, at *6 (E.D. Mo. Mar. 26, 2013) (ruling that defendant would not "be unduly prejudiced under Rule 15(a) by granting Plaintiff leave to amend," even though discovery was "essentially complete…"); *Ohio Cas. Ins. Co. v. Eagle Mist Corp.*, No. 4:19-CV-02974- MTS, 2021 WL 1222424, at *2 (E.D. Mo. Mar. 31, 2021) (holding that defendant would not be unduly prejudiced by granting plaintiff leave to amend merely because there was a pending summary judgment motion).

**F. Granting Leave to Amend Comports with the Judgment Imbued in Rule 15(a)(2) That Cases Should be decided on Their Merits, Not Pleading Technicalities**

While there is no absolute right to amend, "amendment of a complaint should be allowed liberally to ensure that a case is decided on its merits[.]" *Floyd v. State of Missouri Dep't of Soc Servs., Div. of Fam. Servs.*, 188 F.3d 932, 939 (8th Cir. 1999). Here, as discussed above, Plaintiff should be granted leave to amend because the proposed SAC cures the specific Rule 8 plausibility defects the Court identified in its Memorandum and Order dismissing this action and Plaintiff should therefore be afforded the opportunity to test her claims on the merits. *See* Sections I. and II.B.C.D, *supra*.

**CONCLUSION**

Because it did not grant Plaintiff leave to amend her Amended Complaint and/or dismiss the Amended Complaint without prejudice, the Court failed to afford Plaintiff the opportunity to proffer amendments sufficient to cure the issues found by the Court in its Order. Plaintiff respectfully submits that this constitutes clear error and requests that the Court reconsider and vacate its March 28, 2024 Order to the extent that it failed to grant Plaintiff leave to amend to address the foregoing issues. Plaintiff should also be granted leave to amend because the proposed SAC cures the specific Rule 8 plausibility defects the Court identified in its Memorandum and Order dismissing this action and Plaintiff should therefore be afforded the opportunity to test her claims on the merits.

Respectfully submitted,

Orlowsky Law, LLC

/s/ Daniel J. Orlowsky
Daniel J. Orlowsky, #MO57387
Orlowsky Law, LLC
7777 Bonhomme Ave., Suite 1910
St. Louis, Missouri 63105
Phone: (314) 725-5151
Fax: (314) 455-7357
Attorney for Plaintiffs

Goffstein Law, LLC

/s/ Adam M. Goffstein
Adam M. Goffstein, #MO45611
7777 Bonhomme Ave., Suite 1910
St. Louis, Missouri 63105
Phone: (314) 725-5151

Fax: (314) 455-7278
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2024, the foregoing was filed electronically with the Clerk of Court and served via the Court's electronic filing system to all attorneys of record.

/s/Daniel J. Orlowsky