UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARIA GUADALUPE ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:23-cv-00632-MTS |
| | ) | |
| NIKE USA, INC. *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Reconsideration and Leave to Amend, Doc. [36]. On May 10, 2023, Plaintiff Maria Guadalupe Ellis filed her Complaint alleging violation of the Missouri Merchandising Practices Act ("MMPA") and other state law claims. Doc. [1]. Defendants Nike USA Inc. and Nike Retail Services, Inc. (collectively "Defendants") then filed their first Motion to Dismiss on July 6, 2023, Doc. [20]. Plaintiff amended her Complaint on July 27, 2023, Doc. [23], but following amendment, on August 24, 2023, Defendants filed a second Motion to Dismiss, Doc. [27]. On March 28, 2024, the Court granted Defendants' Motion to Dismiss. Doc. [34]. For the reasons discussed, the Court will deny Plaintiff's Motion.

## Discussion

Rule 59(e) states that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.[1] Fed. R. Civ. P. 59(e). Rule 59(e) motions serve the limited function of correcting "'manifest errors of law or fact or to present newly discovered evidence.'" *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innov. Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)).

---

[1] Plaintiff timely filed this Motion nineteen days after the Court's dismissal.

"Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.*

Here, Plaintiff respectfully alleges that the Court's dismissal with prejudice was "a manifest error of law." Doc. [37] at 2. In making this argument, Plaintiff alleges "[t]he Eighth Circuit *requires* that a plaintiff be given the chance to amend a complaint before the court dismisses the claims with prejudice." *Id.* (emphasis added). However, prior to the Court's dismissal, Plaintiff failed to file a motion for leave to amend. Instead, Plaintiff elected to briefly request such leave in the conclusion of her memorandum in opposition to Defendants' second Motion to Dismiss. Doc. [32] at 18. No proposed amended complaint was submitted. By failing to properly request leave to amend, the Court's refusal to grant such leave does not amount to a manifest error of law. *See In re 2007 Novastar Fin., Inc., Secs. Litig.*, 579 F.3d 878, 884 (8th Cir. 2009) (explaining that the court properly denied leave to amend where a plaintiff "did not submit a motion for leave to amend but merely concluded her response to [the defendant's] motion to dismiss with a request for leave to amend" and "did not offer a proposed amendment" to the Court (quoting *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985))).

Now, Plaintiff asks the Court to reconsider its dismissal and grant leave to file a Second Amended Complaint. District courts have considerable discretion to deny a post judgment motion for leave to amend because such motions are disfavored, but courts may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits. *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (8th Cir. 2009). "However, interests of finality dictate that leave to amend should be less freely available after a final order has been entered." *See Par v. Wolfe Clinic, P.C.*, 70 F.4th 441, 449 (8th Cir. 2023) (quoting *U.S. ex rel. Roop*, 559 F.3d at 823). When considering Rule 15(a)(2), courts "may appropriately deny leave

2

to amend where there are compelling reasons 'such as undue delay.'" *Horras v. Amer. Cap. Strategies, Ltd.*, 729 F.3d 798, 804 (8th Cir. 2013).

Plaintiff suggests that "[this] Court's Order dismissing [her] case was the first time [she] was put on notice of the need to change her pleading." Doc. [39] at 8. However, this misses the mark. Plaintiff had two instances of notice prior to the Court's dismissal. On July 6, 2023, Defendants filed their first Motion to Dismiss. Following Defendants' Motion, Plaintiff amended her Complaint as a matter of course, *see* Rule 15(a)(1)(B), to which Defendants filed a second Motion to Dismiss, Doc. [27]. Both Motions to Dismiss served as notice of the potential deficiencies within Plaintiff's initial and Amended Complaint. *See Par*, 70 F.4th at 450 (explaining that "[the plaintiff] was on notice about the deficiencies in [the] complaint when the [defendant] filed its motion to dismiss"); *see also* Fed. R. Civ. P. 15(a) advisory committee's note to 2009 amendment ("The responsive pleading may point out issues that the original pleader had not considered and persuade the pleader that amendment is wise.").[2]

Therefore, Plaintiff was aware that her amended pleadings may have been deficient, yet she chose to proceed forward with her previously Amended Complaint anyway. In fact, Plaintiff had seven months—from Defendants' Motion to Dismiss on August 24, 2023, until the Court's Memorandum and Order on March 28, 2023—to seek additional leave to amend, but she chose to "stand or fall" on her Amended Complaint. *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 744 (8th Cir. 2014). Ultimately, Plaintiff's failure to request leave to amend until after a final order had been issued—a delay lasting over seven months—amounts to unexcused delay. *See id.* at 743-44 ("Numerous cases have ruled that '[u]nexcused delay is sufficient to justify the court's denial if the party is seeking to amend the pleadings after the district court has dismissed the claims

---

[2] Specifically, Defendants, when briefing their Motion to Dismiss, pointed out that "Plaintiff allege[d] she saw misleading [advertising] but [did] not identify the specific statements that *she saw*." Doc. [28] at 6.

3

it seeks to amend, particularly when the plaintiff was put on notice of the need to change the pleadings . . . but failed to do so.").[3]  As such, the Court will deny Plaintiff's Motion.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration and Leave to Amend, Doc. [36], is **DENIED**.

Dated this 9th of June 2024.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff also argues that the proposed Second Amended Complaint ("SAC") would "cure the specific Rule 8 plausibility defects" previously identified by the Court in its Memorandum and Order, Doc. [34].  *See* Doc. [37] at 1.  Specifically, the proposed SAC alleges an independent testing of a sample of Nike's Sustainability Collection clothing and identifies the specific statements Plaintiff relied on when making the purchases.  However, Plaintiff has not even alleged that this is newly discovered evidence.  *See Par*, 70 F.4th at 449 (explaining that a court properly denied post-judgment leave to amend where "the information within the amended complaint was previously available" to the plaintiff); *see also Metro. St. Louis Sewer Dist.*, 440 F.3d at 933 (explaining that Rule 59(e) motions "serve [a] limited function" including "to present newly discovered evidence," but does not include "new evidence . . . which could have been offered or raised prior to entry of judgment"); *see also* 6 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1488 (3d ed.) ("By failing to introduce the matter contained in the proposed amendment at as early a stage in the litigation as possible, the pleader has demonstrated bad faith in not apprising the opponent of its true position in the action.").